IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| SHANE M. ESTES, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION FILE |
| v. | : | NO. **CV613-009** |
| | : | |
| SALLIE MAE, INC., | : | |
| a Delaware Corporation, | : | |
| | : | |
| Defendant. | : | |

**COMPLAINT FOR DAMAGES**

**CERTIFICATE OF INTERESTED PARTIES
PURSUANT TO S.D.Ga. LR 3.2**

1. Plaintiff's counsel certifies that the following is a full and complete list of the parties in this action:

   SHANE M. ESTES,                                        Plaintiff,

   SALLIE MAE, INC.                                       Defendant.

The undersigned further certifies that the following is a full and complete list of officers, directors, or trustees of the above-identified parties:

-1-

> Defendant is a publicly traded company and its many officers and directors are a matter of public record. It is not likely any individual officer or director will be personally liable to the Plaintiff for the actions of defendant.

The undersigned further certifies that the following is a full and complete list of other persons, firms, partnerships, corporations, or organizations that have a financial interest in, or another interest which could be substantially affected by, the outcome of this case (including a relationship as a parent or holding company or similar relationship):

> In addition to the parties, it may become know that third party collectors, including but not limited to National Enterprise Systems, Inc. of Solon, Ohio, may have also violated the TCPA while acting in their representative capacity as a collection agency for Sallie Mae, Inc.

## INTRODUCTION

1. This is an action for damages against the defendant for violations of the Telephone Consumer Protection Act [TCPA], 47 U.S.C. § 227, and the regulations proscribed thereunder, 47 C.F.R. § 64.1200.

## SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337 (federal question jurisdiction).

## PARTIES AND PERSONAL JURISDICTION

3. Plaintiff SHANE M. ESTES is a resident of this Emanuel County, Georgia and is authorized by law to bring this action.

4. Defendant SALLIE MAE, INC. is a corporation organized under the laws of the State of Delaware. [Hereinafter said defendant is referred to as "SALLIE MAE"].

5. SALLIE MAE may be served by personal service upon its registered agent in the State of Georgia, to wit: CT Corporation System, 1201 Peachtree Street, NE, Atlanta, GA 30361.

6. SALLIE MAE transacts business in this State and District.

7. SALLIE MAE's transactions in this State and District give rise to the Plaintiff's claims.

8. SALLIE MAE subject to the jurisdiction and venue of this Court.

9. Other defendants may be discovered in the course of litigation, and plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTS COMMON TO ALL CAUSES

10. Defendant SALLIE MAE made and/or initiated telephone calls to Plaintiff's cellular telephone number in an attempt to collect a student loan.

11. In some of the telephone calls, Defendant SALLIE MAE used artificial or prerecorded voices to deliver messages.

12. The fact that the calls used an artificial or prerecorded voice is clear to any hearer of the messages.

13. Many of the messages were identical in content, used a prerecorded scripted voice message with an artificial voice interjecting the Plaintiff's name and the Defendant's telephone number, and stated "to hear this message again, please press 2."

14. The telephone calls initiated by SALLIE MAE to Plaintiff's cellular telephone number were initiated using software capable of predictive dialing.

15. The telephone calls initiated by SALLIE MAE to Plaintiff's cellular telephone number were initiated using equipment that dials numbers.

16. The telephone calls initiated by SALLIE MAE to Plaintiff's cellular telephone number were initiated using dialing equipment which, in conjunction with collection software, has the capacity to store telephone

numbers and to dial those numbers at random, in sequential order, or from a database of numbers.

17. The telephone calls initiated by SALLIE MAE to Plaintiff's cellular telephone number were initiated using a dialing system which has the capacity to dial from a list of telephone numbers without human intervention.

18. SALLIE MAE's telephone calls to Plaintiff's cellular telephone number were initiated using an automatic telephone dialing system.

19. The fact that SALLIE MAE used an automatic telephone dialing system to initiate the calls is evidenced by SALLIE MAE's use of artificial or prerecorded voice messages whose primary purpose is to deliver messages initiated through automated dialing software without the use of human intervention.

20. On or about February 2, 2010, a class action was filed against SALLIE MAE entitled Mark A. Arthur, Cirilo Martinez, Pari Najafi, and Heather McCue v. Sallie Mae, Inc. in the United States District Court for the Western District of Washington, Case No. C10-0198 JLR alleging similar violations of the TCPA. [Hereinafter, said class action is referred to as the "Arthur action"].

21. In the <u>Arthur</u> action, SALLIE MAE entered into a nationwide class action settlement with final approval order dated September 17, 2012.

22. Plaintiff is not a member of the settlement class in the <u>Arthur</u> action, and many of the telephone calls made to Plaintiff were made after September 17, 2012.

23. Despite knowledge of the TCPA by virtue of the <u>Arthur</u> action, SALLIE MAE continues the use of automated dialing technology and artificial or prerecorded voice messages to collect student loan payments from consumers.

24. The telephone calls to Plaintiff's cellular telephone number were knowingly and/or willfully initiated using an automatic telephone dialing system.

25. The telephone calls to Plaintiff's cellular telephone number which used an artificial or prerecorded voice to deliver a message were knowingly and/or willfully initiated.

26. The telephone calls to Plaintiff's cellular telephone number were not initiated by accident or mistake.

27. It was the intent of SALLIE MAE to initiate the telephone calls to Plaintiff's cellular telephone number.

28. SALLIE MAE willfully ignored or acted with reckless disregard to the requirements of the TCPA, evidenced not only by the violations alleged in this action but also by its failure to adhere to the identification requirements for all artificial or prerecorded voice messages set forth in 47 U.S.C. § 227(d) and 47 C.F.R. § 64.1200(b).

29. The telephone calls to Plaintiff were an annoying nuisance and invaded the privacy interests that the TCPA was intended to protect.

30. Defendants' telephone calls violate the Telephone Consumer Protection Act.

31. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSE OF ACTION

## TELEPHONE CONSUMER PROTECTION ACT

32. The acts of Defendants constitute violations of the Telephone Consumer Protection Act.

33. Defendants' violations of the TCPA include, but are not limited to, the following:

34. Making and/or initiating telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(1)(iii).

35. As a result of Defendants' actions, Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

36. In the event that this Court finds that the Defendants' violations were committed willfully or knowingly, Plaintiff requests an award of statutory damages of $1,500.00 for each such violation.

37. The Defendants have acted in bad faith, been stubbornly litigious and/or caused the Plaintiff unnecessary trouble and expense, and Plaintiff requests an award of the expenses of litigation, including a reasonable attorney's fee, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANTS AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory damages;

b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c) That the Court declare each and every defense raised by Defendants to be insufficient; and

d) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

        SKAAR & FEAGLE, LLP

by:    /s/ Justin T. Holcombe
       Justin T. Holcombe
       Georgia Bar No. 552100
       jholcombe@skaarandfeagle.com
       Kris Skaar
       Georgia Bar No. 649610
       krisskaar@aol.com
       P.O. Box 1478
       331 Washington Ave.
       Marietta, GA 30061-1478
       770 / 427-5600
       404 / 601-1855 fax

James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax