IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| SHANE M. ESTES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File No.: 6:13-cv-00009-BAE-GRS |
| | ) | |
| SALLIE MAE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### JOINT RULE 26(f) REPORT

1. Date of Rule 26(f) conference: **April 26, 2013**

2. Parties or counsel who participated in conference: **Justin Holcombe for Plaintiff and Deepa N. Subramanian for Defendant.**

3. If any defendant has yet to be served, please identify the defendant and state when service is expected.

    **The single Defendant in this matter has been served.**

4. Date the Rule 26(a)(1) disclosures were made or will be made:

    **Defendant served its initial disclosures on May 10, 2013.**

    **Plaintiff will serve his initial disclosures by May 17, 2013.**

5. If any party objects to making the initial disclosures required by Rule 26(a)(1) or proposes changes to the timing or form of those disclosures, (a) identify the party or parties making the objection or proposal, and (b) specify the objection or proposal.

    **Neither party objects to making the initial disclosures required by Rule 26(a)(1).**

6. The Local Rules provide a 140-day period for discovery. If any party is requesting additional time for discovery, (a) identify the party or parties requesting additional time, (b) state the number of months the parties are requesting for discovery, (c) identify the reason(s) for requesting additional time for discovery, and (d) please provide a brief statement in support of each of the reasons identified above.

    **The parties will endeavor to complete all discovery within the 140-day period provided by the Local Rules. Defendant filed its answer on April 3, 2013, from which date the 140 day discovery period will begin.**

      **If, as the case progresses, it appears that additional time for discovery will be necessary, the parties will confer on an appropriate extension and seek approval from the Court for same.**

7. If any party is requesting that discovery be limited to particular issues or conducted in phases, please (a) identify the party or parties requesting such limits, and (b) state the nature of any proposed limits.

    **Neither party is requesting that discovery be limited to particular issues or conducted in phases at this time.**

8. The Local Rules provide, and the Court generally imposes, the following deadlines:

    | | |
    |---|---|
    | Last day for filing motions to add or join parties or amend pleadings | 60 days after issue is joined |
    | Last day to furnish expert witness reports and disclosures by plaintiff | 60 days after Rule 26(f) conference |
    | Last day to furnish expert witness reports and disclosures by defendant | 90 days after Rule 26(f) conference (or 60 days after the answer, whichever is later) |
    | Last day to file motions | 30 days after close of discovery |

    If any party requests a modification of any of these deadlines, (a) identify the party or parties requesting the modification, and (b) state which deadline should be modified and the reason supporting the request.

    **The parties do not believe any modification to the above-referenced deadlines will be necessary at this time. However, the parties discussed that if additional time for any deadline is necessary, they will first confer regarding the same and then seek any appropriate leave of Court for such extension.**

9. If the case involves electronic discovery,

    (a) State whether the parties have reached an agreement regarding the preservation, disclosure, or discovery of electronically stored information, and if the parties prefer to have their agreement memorialized in the scheduling order, briefly describe the terms of their agreement.

    (b) Identify any issues regarding electronically stored information as to which the parties have been unable to reach an agreement.

    **The parties agree to produce documents in paper format. If any party seeks documents in native format, the requesting party will articulate the basis for its request for native production, and the parties will confer regarding such request on a case-by-case basis.**

10.  If the case is known to involve claims of privilege or protection of trial preparation material, (a) state whether the parties have reached an agreement regarding the procedures for asserting claims of privilege or protection after production of either electronic or other discovery material, (b) briefly describe the terms of any agreement the parties wish to have memorialized in the scheduling order (or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters), (c) identify any issues regarding claims of privilege or protection as to which the parties have been unable to reach an agreement, and (d) state any other matters the Court should include in its scheduling order.

    **If a party claims a privilege on a document or other information, the party will assert the privilege along with its objections and the parties will confer if necessary.**

11.  State any other matters the Court should include in its scheduling order.

    **No other matters need to be addressed at this time.**

12.  The parties certify by their signatures below that they have discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case.  Please state any specific problems that have created a hindrance to the settlement of the case.

    **The parties do not currently have any issues that create a hindrance to the settlement of this case and will continue to discuss settlement as the case progresses and after documents have been exchanged.**

Respectfully submitted this 16th day of May, 2013.


*/s/ Deepa N. Subramanian*
Deepa N. Subramanian (GA Bar No. 278625)
E-mail: deepa.subramanian@ogletreedeakins.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Ninety One Peachtree Tower
191 Peachtree Street, N.E., Suite 4800
Atlanta, GA 30303
Telephone:  (404) 881-1300
Fax:  (404) 870-1732

*Counsel for Defendant*


  */s/ Justin T. Holcombe*_____
Justin T. Holcombe
**SKAAR & FEAGLE, LLP**
P.O. Box 1478
331 Washington Ave.

Marietta, GA 30061-1478
jholcombe@skaarandfeagle.com

Kris Skaar  
**SKAAR & FEAGLE, LLP**  
P.O. Box 1478  
331 Washington Ave.  
Marietta, GA 30061-1478  
krisskaar@aol.com

James M. Feagle  
**SKAAR & FEAGLE, LLP**  
108 East Ponce de Leon Avenue  
Suite 104  
Decatur, GA  30030  
jfeagle@skaarandfeagle.com

*Counsel for Plaintiff*

*\*with express permission*

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| SHANE M. ESTES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action File No.:  6:13-cv-00009-BAE-GRS |
| | ) |
| SALLIE MAE, INC., | ) |
| | ) |
| Defendant. | ) |

### CERTIFICATE OF SERVICE

I certify that on May 16, 2013, I electronically filed the **JOINT RULE 26(F) REPORT** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following counsel of record:

Justin T. Holcombe
**SKAAR & FEAGLE, LLP**
P.O. Box 1478
331 Washington Ave.
Marietta, GA 30061-1478
*jholcombe@skaarandfeagle.com*

James M. Feagle
**SKAAR & FEAGLE, LLP**
108 East Ponce de Leon Avenue
Suite 104
Decatur, GA  30030
*jfeagle@skaarandfeagle.com*

Kris Skaar
**SKAAR & FEAGLE, LLP**
P.O. Box 1478
331 Washington Ave.
Marietta, GA 30061-1478
*krisskaar@aol.com*

　　　　　　　　　　　　　　　　*/s/ Deepa N. Subramanian*
　　　　　　　　　　　　　　　　Deepa N. Subramanian (GA Bar No. 278625)